**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**



**TAYRELL A. SMITH,**

       **Plaintiff,**

                              **Case No. C-2-03-725**
**-V-**                            **JUDGE SMITH**
                              **Magistrate Judge Kemp**


**YUSA CORPORATION,**

       **Defendant**



**OPINION AND ORDER**

Plaintiff, Tayrell A. Smith ("Plaintiff"), brings this action against defendant, YUSA

Corporation ("YUSA"), his former employer.  Plaintiff alleges that defendant discriminated against

him in his employment by creating a hostile work environment, retaliating against him for

complaining about alleged racial harassment, and wrongfully terminating him, all in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").  This matter is

before the Court on defendant's motion for summary judgment.  For the reasons set forth herein, the

Court **GRANTS** defendant's motion.



**I. FACTS**

Plaintiff began working for YUSA on October 30, 2000 as an "at-will" employee.  He was

hired as a "Production Associate."  Plaintiff operated presses at YUSA where he was in charge of

producing engine mounts.  YUSA alleges that supervisors and co-workers became concerned with plaintiff's poor work performance.  As a result of his allegedly below average work, plaintiff was given the following disciplinary measures:  a "verbal warning" on January 8, 2001; "First Formal Counseling" on February 16, 2001; another counseling session on March 13, 2001; and a "Formal Counseling" on March 23, 2001.  On March 28, 2001, YUSA's Administrative Department initiated an investigation concerning plaintiff's poor work performance and inability to improve his work.

Also, during his employment, plaintiff brought to the attention of his supervisors three incidents he felt were racially charged.  These incidents took place on January 13, 2001; January 23, 2001; and January 24, 2001.  Other than these three incidents, plaintiff did not complain about racial harassment and admits that his work environment from that point forward was not racially hostile.  These incidents are the basis of plaintiff's claim for discrimination, retaliation, and wrongful termination.

By letter dated April 4, 2001, YUSA informed plaintiff that his employment would be terminated for poor work performance, dishonesty, and for intentionally violating YUSA's quality control standards after having been previously counseled about his misconduct.  In response to termination at YUSA, plaintiff filed a charge of harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") on March 11, 2002 – 341 days after his April 4, 2001 termination.

## II.  SUMMARY JUDGMENT STANDARD

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which

provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).[1] A court must disregard all evidence favorable to the moving party that a jury would not be required to believe. Id. Stated otherwise, a court must credit evidence favoring the non-moving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. Id.

---

[1] Reeves involved a motion for judgment as a matter of law made during the course of a trial under Fed. R. Civ. P. 50 rather than a pretrial motion for summary judgment under Fed. R. Civ. P 56. Nonetheless, the standards applying to both types of motion are substantially the same. One notable difference, however, is that in ruling on a motion for judgment as a matter of law, the court, having already heard the evidence admitted during trial, considers the record in its entirety. Reeves, 530 U.S. at 150. This stands in contrast to the procedure for deciding summary judgment in that a District Court will not have heard all the evidence. Accordingly, the non-moving party has an affirmative duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact; a court need not comb the paper record for the benefit of the moving party. In re Morris, 260 F.3d 654, 665 (6th Cir. 2001). As such, Reeves did not introduce a "heightened" standard of review for summary judgment motions.

Thus, the Sixth Circuit Court of Appeals has recognized that <u>Liberty Lobby</u>, <u>Celotex</u>, and <u>Matsushita</u> have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in <u>Street</u> identified a number of important principles applicable to summary judgment practice as a result of this 'decided change.' For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. <u>Id</u>. at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "'cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" <u>Street</u> at 1479 (quoting <u>Liberty Lobby</u>, 477 U.S. at 257). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. <u>Street</u> at 1479. It is not sufficient for the nonmoving party merely to "'show that there is some metaphysical doubt as to the material facts.'" <u>Street</u> at 1479 (quoting <u>Matsushita</u>, 475 U.S. at 586). Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." <u>Id</u>. at 1479-80. That is, the nonmoving party has an affirmative duty to direct a court's attention to those specific portions of the record upon which it seeks to rely in creating a genuine issue of material fact. <u>In re Morris</u>, 260 F.3d 654, 665 (6th Cir. 2001).

### III.  DISCUSSION

**A.  Title VII Filing Requirement with the EEOC and OCRC**

Plaintiffs must first file an employment discrimination charge with the EEOC pursuant to the rules established under Title VII of the Civil Rights Act of 1964, before asserting their claims in federal court.  42 U.S.C. § 2000e-5(e)(1) states:

> A charge under this section *shall* be filed within 180 days *after the alleged unlawful employment practice occurred* and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within 10 days thereafter, *except* that in a case of an unlawful employment practice with respect to which the person aggrieved has *initially instituted proceedings with a State or local agency* with authority to grant or seek relief from such practice, … such charge *shall* be filed by or on behalf of the person aggrieved within 300 days *after the alleged unlawful employment practice occurred* (emphasis added).

This section provides the prerequisites that a plaintiff must satisfy before filing a suit.  A plaintiff must file either within 180 or 300 days after the alleged conduct occurred and serve notice upon the person against whom the charge is made.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).  To establish whether the 180 or 300 day time period is applicable, a court must determine whether or not the person aggrieved initially filed with a State or local agency with the authority to grant or seek relief from such practice.  § 42 U.S.C. § 2000e-5(e)(1) (2000).  If the plaintiff did file with a State or local agency, then the plaintiff is entitled to a 300-day filing period, otherwise only 180 days.  Biggs v. North Central United Telephone Co., No. C-2-95-913, 1997 WL 829173, *2 (S.D. Ohio Oct. 15, 1997).  The filing period begins to run "[o]nce the employee is aware or reasonably should be aware of the employer's decision…." EEOC v. United States Postal Service,

Inc., 249 F.3d 557 (6th Cir. 2001) (citing Delaware State Coll. V. Ricks, 449 U.S. 250, 258 (1980).

Stated otherwise, the period commences once "the plaintiff learns of the employment decision itself,

not when plaintiff learns that the employment decision may have been discriminatorily motivated."

Amini v. Oberlin College, 259 F.3d 493, 499 (6th Cir. 2001).

Congress' intent is to encourage the prompt processing of all charges of employment

discrimination. Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980). However, the U.S. Supreme

Court has stated, "filing a timely charge of discrimination with the EEOC is not a jurisdictional

prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to

waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393

(1982). "Courts may evaluate whether it would be proper to apply such doctrines, although they are

to be applied sparingly." Morgan, 536 U.S. at 114.

## B.  Plaintiff Entitled to 300 Day Filing Period

Plaintiff filed a complaint with the EEOC on March 11, 2002. Smith Dep. Exhibit 26. The

EEOC application contains a blank for a claimant to fill in a "State or local Agency, if any." Id. In

this space the words "Ohio Civil Rights Commission" are typed. Id. This shows that in addition

to filing with the EEOC, Plaintiff typed in "Ohio Civil Rights Commission."    The Sixth Circuit

has found that a complaint filed with the EEOC constituted a "dual filing" with both the EEOC and

with a State Agency.[2] Hall v. Eastman Chemical Co., No. 04-5228, 2005 WL 705775, *2-3 (6th Cir.

---

[2] In Hall, the plaintiff was held to have "dually filed" with the EEOC and the Tennessee Human Rights Commission
("THRC") when she checked the boxing stating that she wanted her charge filed with both the EEOC and the THRC.
Hall is similar to this case, where here, plaintiff wrote in "Ohio Civil Rights Commission" on the EEOC complaint.
Plaintiff demonstrated the intent to file with both the EEOC and the Ohio Civil Rights Commission.

Mar. 28, 2005).  Therefore, since plaintiff added Ohio Civil Rights Commission to the filing charge,

he is entitled to a 300 day filing period under § 42 U.S.C. 2000e-5(e)(1).

### C.  The Discrimination, Retaliation, and Wrongful Termination Claims Fall Outside the Filing Time Limit Set Forth in 42 U.S.C. § 2000e-5(e)(1)

The court must now determine whether the alleged conduct of YUSA on January 13th, 23rd,

and 24th of 2001 and plaintiff's termination on April 4, 2001 fall within the 300 day filing period

established under 42 U.S.C. § 2000e-5(e)(1).

Plaintiff admits that he filed with the EEOC on March 11, 2002.[3]  Smith Dep. 131-133,

Exhibit B; Smith Dep. Ex. 26, Exhibit C.  The last alleged reported incident of discrimination was

January 24, 2001.  Smith Dep. 113-124, Exhibit B.  Plaintiff was then terminated from YUSA on

April 4, 2001.  Smith Dep. 76-77, Exhibit B; Smith Dep. Ex. 21, Exhibit C; Oyer Aff. ¶ 5, Exhibit

D.  The last date of any conduct by YUSA that may have been actionable was April 4, 2001 –

plaintiff's termination.  Plaintiff filed 341 days after the event occurred.  Thus his filing occurred

41 days after the maximum 300 days allotted for an employment discrimination and retaliation claim

to be filed with the EEOC.  Therefore, plaintiff's action is time barred under 42 U.S.C. § 2000e-

5(e)(1).

### D.  Waiver, Equitable Estoppel, & Equitable Tolling

---

[3] The filing charge with the EEOC has a "March 11, 2001" receipt date stamped on it.  Plaintiff admits that the stamp is incorrect and that the stamp should read "March 11, 2002."  Smith Dep. Ex. 26, Exhibit C.  The filing charge was notarized on "March 5, 2002" verifying the stamp on it is incorrect.  Id.

As stated earlier, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes, 455 U.S. at 393.  Though plaintiff raises none of these defenses in any pleadings, "courts have utilized a less stringent standard in construing the pleadings of a *pro se* litigant." West v. Adecco Employment Agency, 124 Fed.Appx. 991, 992 (6th Cir. 2005).  Nonetheless, the U.S. Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993).

**1. Waiver**

YUSA asserted an untimeliness defense in its answer and its motion for summary judgment. Therefore, YUSA did not waive its right to present an untimely filing defense against plaintiff.

**2. Equitable Estoppel**

For equitable estoppel to apply, the employer must have affirmatively acted in such a way as to delay or hinder the employee's ability to file within the statutory time limit.  Eaton v. Digital Equipment Corp., 16 Fed.Appx. 95, 96 (4th Cir. 2001); Williamson v. Indiana Univ., 345 F.3d 459, 463 (7th Cir. 2003) (equitable estoppel did not apply when it was found that neither IU nor the EEOC took active steps to prevent plaintiff from bringing her charge); Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176-1177 (9th Cir. 2000) (equitable estoppel did not apply because Pacific Bell did not actively cause the plaintiff to miss the deadline).

In this case, Plaintiff does not assert, let alone adduce evidence, that YUSA actively misrepresented or tricked him into missing the 300 day filing deadline.  Therefore, equitable estoppel is not applicable to this case.

### 3.  Equitable Tolling

Equitable tolling of the requirement to timely file an EEOC complaint typically applies "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000).  Ignorance of the filing requirements due to lack of legal advice does not toll the filing period.  Black v. Columbus Public Sch., 79 Fed.Appx. 735, 739 (6th Cir. 2003).

Although plaintiff is *pro se* and may have been unaware of the filing requirement, he still had 300 days from the last possible alleged discriminatory act, his termination, to seek out an attorney and get legal advice.  There are no compelling reasons to extend the benefit of equitable tolling to plaintiff.

## IV.  DISPOSITION

For all the foregoing reasons, the Court **GRANTS** defendant's motion for summary judgment.  Plaintiff's claims are hereby dismissed with prejudice.

The Clerk shall enter final judgment in defendant's favor, and against plaintiff, dismissing all of plaintiff's claims with prejudice.

The Clerk shall remove Doc. 25 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED**

/s/ George C. Smith

**GEORGE C. SMITH, JUDGE**
**United States District Court**